J-S22041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILFREDO BURGOS-RIOS | : | |
| | : | |
| Appellant | : | No. 277 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 28, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001985-2020

BEFORE:  PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 17, 2021**

Wilfredo Burgos-Rios (Burgos-Rios) appeals from the January 28, 2021

judgment of sentence[1] imposed by the Court of Common Pleas of Berks

County (trial court) following his convictions for rape of a child, involuntary

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Burgos-Rios's notice of appeal purports to appeal from the January 28, 2021 judgment of sentence and the February 24, 2021 order denying his post-sentence motion.  "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).

deviate sexual intercourse (IDSI) with a child, indecent assault, corruption of minors and two counts of aggravated indecent assault of a child.[2]  We affirm.

## I.

We glean the following facts from the certified record.  Burgos-Rios was convicted of the above-mentioned offenses following a jury trial at which his grandniece testified that he had sexually abused her while spending the weekend at her home when she was 12 years old.  At trial, Burgos-Rios testified and denied the allegations against him.  He contended that he reprimanded the victim during the weekend in question and that she fabricated the charges against him in retaliation.

Following his convictions, the Sexual Offenders Assessment Board (SOAB) determined that Burgos-Rios was not a sexually violent predator (SVP) for the purposes of Revised Subchapter H of the Sexual Offenders Registration and Notification Act (SORNA).[3]  Accordingly, the trial court issued an order at sentencing stating that Burgos-Rios was not an SVP.

_____

[2] 18 Pa.C.S. §§ 3121(c), 3123(b), 3126(a)(7), 6301(a)(1)(ii), 3125(b) & (a)(7).

[3] SORNA I (42 Pa.C.S. §§ 9799.10-9799.42) was enacted on December 20, 2011, and became effective on December 20, 2012, to strengthen the Commonwealth's laws regarding registration of sexual offenders and bring Pennsylvania into compliance with the federal Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901–16945.  Section 9799.11(a)(1), (2) of SORNA I, 42 Pa.C.S. § 9799.11(a)(1), (2) (repealed).    In **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), after applying the factors set forth in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963),
*(Footnote Continued Next Page)*

Based on Burgos-Rios's prior record score (PRS) of 3, the standard range of the sentencing guidelines for the counts of rape of a child and IDSI with a child was 120 months of incarceration to the statutory limit of 40 years of incarceration.[4] For the counts of indecent assault and corruption of minors, the standard range was 12 to 18 months, the mitigated range was 6 months and the aggravated range was 24 months of incarceration.

The Commonwealth requested sentences of 15 to 40 years' incarceration for the counts of rape of a child and IDSI with a child, and 1.5 to 7 years' incarceration for the counts of indecent assault and corruption of minors. It requested that the sentences be imposed consecutively for an aggregate of 33 to 97 years of incarceration. The Commonwealth argued that Burgos-Rios had not taken responsibility for his actions and that the jury had

_____

our Supreme Court held that provisions of SORNA I were punitive and that their retroactive application violates the *ex post facto* clause of the Pennsylvania Constitution. *See* Pa. Const., Art. 1, § 17.

In response to *Muniz*, the General Assembly enacted Acts 10 and 29 of 2018 (SORNA II). It creates a two-track system: Revised Subchapter H for offenses committed after December 20, 2012, and Subchapter I for enumerated offenses that were committed prior to that date. Revised Subchapter H differs from SORNA I by allowing some offenders to register by phone rather than in person with the Pennsylvania State Police; removing or changing the registration requirement for some non-sexual offenses; and creating a process through which an offender can petition for removal from the registry after 25 years. *See* 42 Pa.C.S. §§ 9799.25(a.1), (a.2); 9799.14; 9799.15(a.2).

[4] These counts were also subject to a mandatory minimum sentence of 10 years of incarceration. *See* 42 Pa.C.S. § 9718(a).

disbelieved his testimony at trial. It also argued that the gravity and nature of the offenses against the 12-year-old victim warranted the substantial sentence.

Burgos-Rios argued that he was 52 years old and had no prior history of sexual offenses. His criminal history was based on offenses he committed in Puerto Rico between 1994 and 2000 and he had not been convicted of any additional crimes since. He asked for the mandatory minimum sentence of 10 years to a maximum of 40 years, with the sentences to be imposed concurrently.

The Commonwealth responded by noting that Burgos-Rios had another pending criminal case for indecent assault of a child based on an incident that had allegedly occurred several years prior. The trial court said that it would not take any pending allegations into account when fashioning the sentence in the instant case. Finally, in his allocution, Burgos-Rios again denied all of the allegations, saying "With all due respect, I don't know why my family is doing this to me because I went to visit them. I didn't disrespect them on that day and they were saying things that are not true. I have never been disrespectful to any of my relatives." Notes of Testimony, 1/28/21, at 12.

The trial court made the following comments before imposing its sentence:

> All right. Well, first, let me make a couple observations. What is paramount is that we must respect and enforce the jury's decision. The question of what anybody thinks is irrelevant entirely. The defendant exercised his right to trial. He was entitled to do that.

At least in this courtroom, defendants don't get punished for exercising that right. There is no one here that believes in that right more than I do.

The [c]ourt can and should take into account, however, if a defendant was mendacious before the jury. Clearly, the jury had to have found that the defendant was untruthful because had they not so found they could not have entered this verdict. So I will take that into account as well.

I am also required under the sentencing code in general to take into account such factors as the rehabilitative needs of the defendant, the sense of the community to-- not to diminish the significance or importance of the case in the eyes of the community. There is also the fact that I must take into account what the victim suffered and will continue to suffer because of this conduct. I am required to take into account the statutory scheme here, and I agree that, with respect to the notice for mandatory minimums, the bottom of the standard range of the guidelines is the same amount of time being one hundred twenty months, so there really is -- that has little, if any, effect on this.

I'm going to take into account also the PSI which I have reviewed which, of course, reveals a significant criminal history, albeit not one of the same type. Nevertheless, the defendant's prior record score is three and it includes violent offenses and weapons offenses.

These offenses, especially the first two counts, are of a special nature in that the General Assembly had seen fit to, in essence, double the penalties for - - depending on the ages of victims and ages of perpetrators. So these offenses are considered among our most serious, and that is the judgment of the General Assembly and the governor to treat them as such and we must, of course, also respect and observe that.

*Id.* at 12-13.

The trial court sentenced Burgos-Rios to consecutive terms of 15 to 30 years' incarceration each for the counts of rape of a child and IDSI with a child. He was sentenced to 7 years of probation each for the counts of

- 5 -

indecent assault and corruption of minors, which were concurrent to each other and consecutive to the term of incarceration. The counts of aggravated indecent assault of a child merged for sentencing purposes. The aggregate sentence was 30 to 60 years of incarceration followed by 7 years of probation. In addition, Burgos-Rios was required to register as a sex offender for his lifetime under Revised Subchapter H.

Burgos-Rios filed a timely post-sentence motion challenging the discretionary aspects of his sentence. He argued that his sentence was manifestly excessive because his PRS was based on offenses that occurred 19 years prior, he had no history of sexual offenses, his prior convictions were related to substance abuse, his "criminal history is confusing and seems to reflect that he should have been incarcerated at the time he committed some offenses,"[5] that his age was a mitigating factor and that he had effectively received a life sentence. Post-Sentence Motion, 1/29/21, at unnumbered 3. He concluded that the factors enumerated in the Sentencing Code did not support the lengthy period of incarceration he received.

The trial court denied the motion and Burgos-Rios timely appealed. He and the trial court have complied with Pa.R.A.P. 1925. In his concise statement, Burgos-Rios asserted for the first time that the registration

---

[5] Burgos-Rios did not set forth any details related to these prior offenses at the sentencing hearing or in his motion.

provision of his sentence was illegal because Revised Subchapter H constitutes criminal punishment, violated his right to trial by jury and a finding of guilt beyond a reasonable doubt, and was based on an unconstitutional irrebuttable presumption that he was likely to reoffend.

## II.

Burgos-Rios first challenges the discretionary aspects of his sentence.[6] "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). An appellant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely notice of appeal, include a statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief, and raise a substantial question for review. *Id*. Burgos-Rios fulfilled the first three requirements by filing a timely post-sentence motion seeking

---

[6] Our standard of review is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1278–79 (Pa. Super. 2021) (citation omitted).

modification of his sentence, a timely notice of appeal, and including a Pa.R.A.P. 2119(f) statement in his brief.

We now turn to whether he has raised a substantial question for review. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Clarke*, 70 A.3d 1281, 1286–87 (Pa. Super. 2013) (citation omitted). Burgos-Rios contends that the trial court imposed a manifestly excessive sentence under the circumstances without considering mitigating factors, such as the staleness of his criminal history, his age at the time of his first sexual offense and the SOAB's determination that he is not an SVP. This claim presents a substantial question for our review. *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1075-76 (Pa. Super. 2019) (citations omitted); *see also* 42 Pa.C.S. § 9721(b). Accordingly, we proceed to the merits of his claim.

When reviewing the discretionary aspects of a sentence that falls within the sentencing guidelines, we must affirm unless the "application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). In assessing the reasonableness of a sentence, we consider

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d). "A sentence may be found unreasonable if it fails to properly account for these four statutory factors . . . [or] if the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." *Commonwealth v. Durazo*, 210 A.3d 316, 321 (Pa. Super. 2019) (citation omitted, bracketing in original).

When imposing a sentence, a trial court must ensure that the sentence is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) (internal quotations & citation omitted).

Here, Burgos-Rios was sentenced consecutively within the standard range of the sentencing guidelines for the counts of rape of a child and IDSI

with a child. He was sentenced to probationary terms for the counts of indecent assault and corruption of minors, which were well below the mitigated range of the guidelines.

Prior to imposing the sentence, the trial court considered the PSI and the SOAB evaluation as well as the evidence presented at Burgos-Rios's trial. While it recognized that Burgos-Rios's prior criminal convictions were nearly 20 years old, it noted that the history included violent offenses and weapons offenses.[7] It acknowledged that the jury had clearly credited the victim's testimony and rejected Burgos-Rios's denials in rendering the verdict and took into account that he was "mendacious before the jury." Notes of Testimony, 1/28/21, at 12. It also recognized the seriousness of the offenses and the impact his crimes had on the minor victim. Finally, it noted that the legislature had imposed an increased statutory limit for rape of a child and IDSI with a child based on the gravity of those crimes and the effect they have on the community. Under these circumstances, we cannot conclude that the trial court failed to consider mitigating evidence and all required factors under the

_____

[7] Burgos-Rios asserts that the trial court must have been "subliminally influence[d]" by the Commonwealth's reference to his other pending case for indecent assault. Burgos-Rios's Brief at unnumbered 25. There is no support for this claim in the record. The trial court immediately informed the Commonwealth that it would not take any pending and unproven allegations into consideration in sentencing, and it referenced only his criminal convictions in its statement prior to imposing the sentence. Notes of Testimony, 1/28/21, at 11-13.

Sentencing Code when it imposed Burgos-Rios's sentence. ***See Hill***, ***supra***. The standard-range sentences of incarceration are not clearly unreasonable and the trial court did not abuse its discretion in fashioning the sentence.

Burgos-Rios also argues that the trial court abused its discretion by considering his "mendacity" during his trial testimony when fashioning the sentence. He contends that the Fifth Amendment to the United States Constitution protects his right to deny all allegations against him, so his denial of the charges at trial did not constitute mendacity that could be considered as a factor at sentencing. He further argues that the remainder of his testimony was not so obviously in conflict with the victim's testimony at trial so as to support a finding that the jury disbelieved him in reaching the verdict.

This argument is waived. A claim that the trial court considered an impermissible factor in sentencing implicates the discretionary aspects of the sentence. ***See Commonwealth v. Bromley***, 862 A.2d 598, 605 (Pa. Super. 2004); ***Commonwealth v. Bowersox***, 690 A.2d 279, 281 (Pa. Super. 1997). Burgos-Rios did not present this argument to the trial court in his post-sentence motion or include it in his Pa.R.A.P. 2119(f) statement. As a result, it is waived.[8] ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are

_____

[8] Even if he had not waived this claim, we would conclude it had no merit. Burgos-Rios argues that the Fifth Amendment protects his right to deny the allegations against him when testifying under oath. However, "[t]he right guaranteed by law to a defendant is narrowly the right to testify truthfully in accordance with the oath—unless we are to say that the oath is mere ritual
*(Footnote Continued Next Page)*

- 11 -

waived and cannot be raised for the first time on appeal."); **Commonwealth v. Knox**, 190 A.3d 1146, 1152 n.5 ("Constitutional claims are subject to waiver regardless of their importance.").

## III.

Finally, mirroring arguments that were presented to our Supreme Court in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020), Burgos-Rios challenges the constitutionality of his lifetime registration requirement under Revised Subchapter H of SORNA.[9] He claims that Revised Subchapter H violates his due process rights because it imposes registration requirements based on an unconstitutional irrebuttable presumption of future

---

without meaning. . . . There is no protected right to commit perjury." **U.S. v. Grayson**, 438 U.S. 41, 54 (1978); **see also Commonwealth v. Solario**, 240 A.3d 940, at *6-7 (Pa. Super. Sept. 17, 2020) (unpublished memorandum) (holding that mendacity was properly considered in sentencing when defendant denied allegations for which he was convicted in his trial testimony). As the trial court observed, a defendant's mendacity is a valid sentencing factor if the statements were willful and material, the verdict necessarily establishes that the defendant lied, the verdict is supported by sufficient evidence, the trial court observed the false testimony and it is only one factor of many considered in fashioning the sentence. **See** Trial Court Opinion, 4/19/21, at 5-6 (citing **Commonwealth v. Thurmond**, 407 A.2d 1357, 1359 (Pa. Super. 1979)). All of the factors were met here, where Burgos-Rios testified under oath that the sexual abuse never occurred, the jury's verdict necessarily rejects this testimony and was supported by sufficient evidence, and the trial court viewed the testimony and considered it among other relevant factors when imposing the sentence.

[9] Constitutional challenges present pure questions of law, for which our standard of review is *de novo* and the scope of review is plenary. **See Commonwealth v. Moore**, 222 A.3d 16, 18 (Pa. Super. 2019).

dangerousness. He further argues that Revised Subchapter H is punitive and can only be applied to him subject to the panoply of due process protections afforded criminal defendants. Based on this assessment, he contends that the statute violates ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Alleyne v. U.S.***, 570 U.S. 99 (2013), by imposing lifetime registration requirements without a jury finding beyond a reasonable doubt concerning his likelihood of reoffending.

The trial court and the Commonwealth contend that this claim has been waived. Burgos-Rios did not present this claim at the sentencing hearing or in his post-sentence motion. He first raised the challenge in his concise statement pursuant to Pa.R.A.P. 1925(b). However, he argues that while his claim is constitutional in nature, it also implicates the legality of his sentence and is, thus, non-waiveable. He contends that certain provisions of SORNA are inherently contradictory, rendering the statutory scheme as a whole illegal.

In ***Torsilieri***, the trial court held that Revised Subchapter H was unconstitutional and the Commonwealth appealed that determination directly to our Supreme Court. The Supreme Court considered whether Revised Subchapter H violated due process based on an irrebuttable presumption of a sexual offender's future dangerousness. It also considered whether, based on the factors articulated in ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144 (1963), the statute was punitive despite the legislature's stated non-punitive

- 13 -

purpose and subject to the requirements of **Apprendi** and **Alleyne**. Ultimately, the Supreme Court determined that the factual record was insufficient to render a decision on the merits of the constitutional claims and remanded the case to the trial court for further development of the record. In addition, because the trial court relied in part on the defense's scientific evidence when it analyzed the **Mendoza-Martinez** factors, the Supreme Court ordered the trial court to reconsider and reweigh those factors on remand.

This Court has recently addressed whether constitutional claims like those raised in **Torsilieri** are waiveable. In **Commonwealth v. Reslink**, ___ A.3d ___, 669 WDA 2019, at *4 (Pa. Super. Dec. 18, 2020), we held that the defendant had waived his claims that Revised Subchapter H was based on an unconstitutional irrebuttable presumption and violated **Apprendi** by failing to raise them at sentencing or in a post-sentence motion. We reached the same conclusion in **Commonwealth v. Snyder**, 251 A.3d 782, 794-95 (Pa. Super. 2021), when the defendant raised his challenge to Revised Subchapter H for the first time on appeal and styled his claims as a challenge to the legality of his sentence. Again, the defendant in **Snyder** raised the same arguments based on the irrebuttable presumption of future dangerousness, the punitive effect of the statute, and the application of **Alleyne** that Burgos-Rios raises

here.[10] *Id.* at 795 n.11 ("We read *Reslink* for the limited proposition that constitutional claims for relief directed at Pennsylvania's sexual offender registration regime that concern the presumption of recidivism discussed in *Torsilieri* are subject to waiver under Rule 302(a), regardless of whether that claim sounds in legality of sentence.").

*Reslink* and *Synder* are dispositive. Here, Burgos-Rios raises the same challenges for the first time on appeal that our Court found waived in those cases. Because he did not present these claims to the trial court in the first instance, they are waived.

In response to the trial court's finding of waiver, Burgos-Rios argues that Revised Subchapter H is also illegal because certain provisions of the statute are inherently contradictory. He notes that the legislature based the statute on the irrebuttable presumption that sex offenders pose a high risk of recidivism. *See* 42 Pa.C.S. § 9799.11(a)(4). He points out that the provision of Revised Subchapter H concerning SVP determinations requires the trial court to make a factual finding that an individual offender is likely to engage in future sexual offenses. *See* 42 Pa.C.S. § 9799.12, 9799.24(e). He

---

[10] In finding the defendant's claims related to *Alleyne* waived, the *Snyder* Court expressed that *Reslink* "constitutes an apparent inconsistency with respect to constitutional claims sounding in legality of sentence" and "runs counter to well-settled aspects of Pennsylvania law." *Commonwealth v. Snyder*, 251 A.3d 782, 795 n.11 (Pa. Super. 2021). Nevertheless, it recognized that it was bound by the precedent set in *Reslink* when it found waiver of the defendant's claims. *Id.*

contends that because a trial court could theoretically determine that an offender is not an SVP because he is not likely to reoffend in the future, the SVP provisions of the statute are inconsistent with the irrebuttable presumption, rendering the entire statutory scheme illegal.

This argument falls into the category of "constitutional claims for relief directed at Pennsylvania's sexual offender registration regime that concern the presumption of recidivism discussed in **Torsilieri**." **Snyder**, **supra**. As such, it is waived because Burgos-Rios did not first raise it at sentencing or in his post-sentence motion. Moreover,

> [t]he phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Those categories are: "(1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)."

**Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013) (citations omitted). Burgos-Rios does not explain how the alleged logical inconsistency in Revised Subchapter H renders the statute illegal under any of these three categories. As such, we conclude that his claims are waived under **Reslink** and **Snyder**.[11]

---

[11] Burgos-Rios can bring an "as applied" challenge to the SORNA registration requirements in the Commonwealth Court's original jurisdiction to enjoin the Pennsylvania State Police, the agency charged under 42 Pa.C.S. § 9799.22 and 42 Pa.C.S. § 9799.32 with implementing and enforcing SORNA, from enforcing those requirements as applied to him. **Commonwealth v.**
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/17/2021

---

***Lacombe***, 234 A.3d 602, 618 (Pa. 2020) ("We decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes . . .").